**JOHNSON et al. v. UNITED STATES.**

No. 6629.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1953.

Decided Oct. 9, 1953.

W. H. McElwee, Jr., and Kyle Hayes, North Wilkesboro, N. C., for appellants.

Theodore C. Bethea, Asst. U. S. Atty., Reidsville, N. C. (Bryce R. Holt, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

Fred Johnson and Robert Glen Johnson, Jr., were convicted in the District Court for the Middle North Carolina District on the first three counts of a bill of indictment containing four counts. The defendants were convicted of possessing a distillery without having registered the same, carrying on the business of distillers without having given a bond, and making fermented mash fit for distillation. Upon the bringing in of the verdict the defendants made the usual motion to set aside the verdict and arrest of judgment. The motion was denied, the defendants were duly sentenced and have appealed to us.

Alcohol Tax Unit officers drove up the Ingle Hollow Road, about 8:30 P.M. on the evening of March 18, 1953. Just as they had passed the Glen Johnson home, which is located on the Ingle Hollow Road, they saw some sugar on the side of the road. Glen Johnson is the father of the appellants. They heard and saw a truck approaching, blocked the road, and stopped the truck. They apprehended two of the defendants as they fled from the truck. These two defendants did not appeal. They, then, con-

tinued on up the road a distance of about a mile and discovered an illicit distillery. There is considerable dispute with reference to the road. However, the issue is not seriously contended with reference to the road being open to the public at all times and being used by the public at all times. There were a number of houses on the road and a number of property owners between the Glen Johnson home and the distillery.

We think there was not sufficient evidence to take this case to the jury, and that the District Judge should have directed a verdict for these defendants.

The Government contends that the location of the distillery, the travel to the distillery, the testimony of the codefendant Martin that he had worked for the Johnsons (though he did not state which Johnsons and there were a number of people by that name in the neighborhood), the control of ingress and egress to the distillery through the premises, fence and gate of Glen Johnson, Sr., the flight of the car from the vicinity of the Johnson premises, the location of the sugar found by the agents—all, taken together, justified the District Judge in submitting the question of the guilt of the appellants to the jury. With this we disagree.

There was no showing that appellants had ever been at or near the distillery or knew of its existence. Nor was it shown that appellants had any interest in, or connection with, either the truck which was seized by the Agents or the three cars which fled from the vicinity of the Johnson home. There was no evidence that the appellants were at home on the night of the visit by the Agents. One of the Agents testified that he knew the automobile owned by Glen Johnson, Jr., and that he did not see this car that night.

It is not necessary for us to discuss the other points raised by the appellants. The judgment of the District Court is reversed.

Reversed.